FILED by \_\_DD\_\_ D.C.

Jun 2, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**22-60123-CR-SMITH/VALLE**
CASE NO. _____

21 U.S.C. § 841(a)(1)
18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(d)(1)

**UNITED STATES OF AMERICA**

vs.

**CURTIS SLADE,**

**Defendant.**
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
**Possession with Intent to Distribute a Controlled Substance**
**(21 U.S.C. § 841(a)(1))**

On or about June 29, 2021, in Broward County, in the Southern District of Florida, the defendant,

**CURTIS SLADE,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that this violation involved fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

### COUNT 2
**Possession of a Firearm in Furtherance of a Drug Trafficking Crime**
**(18 U.S.C. § 924(c)(1)(A))**

On or about June 29, 2021, in Broward County, in the Southern District of Florida, the defendant,

**CURTIS SLADE,**

did knowingly possess a firearm in furtherance of a drug trafficking crime, an offense for which the defendant may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(1), as charged in Count 1 of the Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

### COUNT 3
**Possession of a Firearm and Ammunition by a Convicted Felon**
**(18 U.S.C. § 922(g)(1))**

On or about June 29, 2021, in Broward County, in the Southern District of Florida, the defendant,

**CURTIS SLADE,**

knowingly possessed a firearm and ammunition in and affecting interstate commerce, knowing

that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

It is further alleged that said firearm and ammunition were:

a) One (1) Smith & Wesson pistol, model SD9VR, 9mm caliber, serial number FYW6218;

b) Approx. twenty-two (22) rounds of Federal 9mm ammunition; and

c) Approx. four (4) rounds of Remington 9mm ammunition.

## **FORFEITURE ALLEGATIONS**

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purposes of alleging forfeiture to the United States of America of certain property in which the defendant, **CURTIS SLADE**, has an interest.

2. Upon conviction of a violation of Title 21, United States Code, Section 841, as alleged in this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853.

3. Upon conviction of a violation of Title 18, United States Code, Sections 922(g) and/or 924(c), or any other criminal law of the United States, as alleged this Indictment, the defendant shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such offense, pursuant Title 18, United States Code, Section 924(d)(1).

4. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following:

a) One (1) Smith & Wesson pistol, model SD9VR, 9mm caliber, serial number FYW6218;

b) Approx. twenty-two (22) rounds of Federal 9mm ammunition; and

c) Approx. four (4) rounds of Remington 9mm ammunition.

All pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 924(d)(1), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_(By the Mitrani) for_
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

JAMES M. USTYNOSKI
ASSISTANT UNITED STATES ATTORNEY

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

CURTIS SLADE,

_____/
**Defendant.**

**Court Division** (select one)
☐ Miami  ☐ Key West  ☐ FTP
☑ FTL    ☐ WPB

CASE NO.: _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of New Counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) **No**
   List language and/or dialect: **English**

4. This case will take **3** days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)
   I    ☑ 0 to 5 days                  ☐ Petty
   II   ☐ 6 to 10 days                 ☐ Minor
   III  ☐ 11 to 20 days                ☐ Misdemeanor
   IV   ☐ 21 to 60 days                ☑ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) **No**
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) **No**
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) **No**

By: _____
JAMES M. USTYNOSKI
Assistant United States Attorney
Court ID No.    A5502615

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Curtis Slade

**Case No**: 

Count #: 1

Possession with Intent to Distribute 50 grams or more of Methamphetamine

in violation of Title 21, United States Code, Section 841(a)(1)
* Max. Term of Imprisonment: Forty (40) Years' Imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): Five (5) Years' Imprisonment
* Max. Supervised Release: Four (4) Years' up to Life supervised release
* Max. Fine: $8,000,000.00

Count #: 2

Possession of a Firearm in Furtherance of a Drug Trafficking Crime

in violation of Title 18, United States Code, Section 924(c)(1)(A)
* Max. Term of Imprisonment: Consecutive Five (5) years' imprisonment; Life
* Mandatory Min. Term of Imprisonment (if applicable): n/a
* Max. Supervised Release: Five (5) years' supervised release
* Max. Fine: $250,000.00

Count #: 3

Possession of a Firearm by a Convicted Felon

in violation of Title 18, United States Code, Section 922(g)(1)
* Max. Term of Imprisonment: Ten (10) years' imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): n/a
* Max. Supervised Release: Three (3) years' supervised release
* Max. Fine: $250,000.00

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.