\* ATTACHMENT \*

FILED BY NK D.C.

NOV 29 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

United States District Court
Southern District Of Florida
Fort Lauderdale Division

22-cv-62236-RS

Curtis Slade
v.
United States Of America

Civil Case No. T.B.A
Crim. Case No. 22-cr-60123-R-S

Memorandum Brief In Support Of Motion To Vacate Sentence
(Pursuant to 28 U.S.C. §2255)

COMES NOW, Curtis Slade, the petitioner, pro-se, and respectfully files this memorandum brief in support of his motion to vacate sentence, pursuant to 28 U.S.C. §2255. Petitioner is presently incarcerated at the Federal Correctional Complex Coleman-Low in Coleman, Florida. In Support thereof, Petitioner States as follows:

Statement of the Facts

1. My defense counsel received a copy of the indictment issued in this case informing him of the fact that I was being charged with "knowingly" possessing a firearm and controlled substances that were found by law enforcement, in a vehicle I was in possession of.

2. During his consultations with me, my defense counsel not once asked me did I have "knowledge" of the presence of these items in the vehicle, prior to advising and assisting me into pleading guilty to "knowingly" possessing these items. See Exhibit "A", Petitioner's affidavit.

1

3. Had my defense counsel conducted any investigation into whether I was in "knowing possession" of these items, he would have discovered: (1) that I had just borrowed the vehicle from a friend; (2) that I did not, in fact, have knowledge of the presence of these items in the vehicle, prior to law enforcements discovery of these items; and (3) that my confession and incriminating statements were the products of threats and coercion from law enforcement. See Exhibit "A", Petitioner's affidavit.

4. My defense counsels failure to conduct any investigation for preparing a defense to the offense charged, ultimately led to him negligently, and erroneously, advising and assisting me into falsely pleading guilty to "knowingly" possessing the firearm and controlled substances found in the vehicle.

5. Had my defense counsel not negligently, and erroneously advised and assisted me into falsely pleading guilty to this offense, I would not have pleaded guilty, entered into the plea agreement or proffers, and instead, I would have insisted on proceeding to trial to prove beyond a reasonable doubt, that I did not, in fact, have knowledge of the firearms' and controlled substances presence in the vehicle. See Exhibit "A", Petitioner's affidavit.

## ISSUE

THE SENTENCE IS UNCONSTITUTIONAL BECAUSE PETITIONER DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION

## Legal Standard

### "Ineffective Assistance of Counsel"

Claims of ineffective assistance of counsel are governed by the Supreme Court's decision in Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 2064-65, 2068 L.Ed.2d 674 (1984). In the context of a guilty plea, to succeed on any claim of ineffective assistance of counsel, a defendant must show that, (1) the attorneys representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for his counsel's deficient performance, he would not have pleaded guilty and proceeded to trial. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

### (i) Performance

In this case, defense counsel committed several unprofessional errors that amounted to performance below an objective standard of reasonableness for counsel in a criminal case. Petitioner asserts that counsel committed the following errors and omissions:

    Counsel was constitutionally ineffective for failing to conduct any investigation into preparedness for defense to the offenses charged in the indictment issued in this case

    Petitioner asserts that his defense counsel provided constitutionally ineffective assistance of counsel for failing to: (1) conduct any investigation into whether petitioner was, in fact,

3

in "knowing possession" of the items found in the borrowed vehicle; and (2) conducting any investigation into whether petitioner's confession and incriminating statements were given free from threats or coercion. See Woodard v. Collins, 898 F.2d 1027 (5th Cir. 1990)(holding "that a criminal defendant is constructively denied effective assistance of counsel when counsel fails to conduct any investigation into a count of the indictment"). As shown in the attached Affidavit, petitioner's defense counsel never inquired into whether the petitioner had knowledge of the firearms' and controlled substances' presence in the vehicle, or inquired into whether the petitioner's incriminating statements were given freely and voluntarily. Petitioner contends that such unprofessional errors and omissions by counsel constitutes ineffective assistance of counsel. See Cronic v. United States, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d (1984).

    The Supreme Court in Cronic reaffirmed the well-settled rule that "the Sixth Amendment requires not merely the provision of counsel to the accused in a criminal prosecution, but assistance to which is to be for his defense,... if no actual assistance for the accused's defense is provided, then the constitutional guarantee has been violated." Id. at 466 U.S. 654. Petitioner's defense counsel was aware of the fact that his client was being charged with "knowing possession" of the items found in the borrowed car. Defense counsel was also aware of the fact that his client had confessed to "knowing" that these items were in the vehicle. Counsel never asked the petitioner was he aware of the presence of these items in the vehicle, nor did he ask the petitioner was he forced to admit to "knowing" that these items were, not only, in the

4

vehicle, but also, his. Petitioner has shown that "no actual assistance for his defense was provided by his defense counsel during the pre-trial proceedings and thereby, meeting his burden of showing that his defense attorney's performance fell below an objective standard of reasonableness, in light of Woodard v. Collins, supra.

### (ii) Prejudice

As to the second prong of the Strickland test, the Woodard court held that when the defendant is constructively denied the assistance of counsel, as in this case, "prejudice is presumed." See Cronic. The Cronic court reasoned that a defendant is completely denied counsel if (1) the "accused is denied counsel at a critical stage in the proceedings" or if (2) the counsel "fails to subject the prosecutor's case to meaningful adversarial testing". 466 U.S. at 659, 104 S.Ct. at 2047. As previously shown, the petitioner was denied effective assistance of counsel during the pre-trial stage of these proceedings. Accordingly, to satisfy the prejudice prong of the Strickland test, a defendant who shows that his attorney's performance fell below an objective standard of reasonableness, need only demonstrate that, but for the attorney's deficient performance, he would not have entered the guilty plea and proceeded to trial. As shown in the attached Affidavit, had the petitioner's defense counsel not negligently and erroneously advised and assisted the petitioner into falsely pleading guilty, the petitioner would not have pleaded guilty, entered into the plea agreement, or any proffer and instead, insisted on proceeding to trial to prove that he was not in "knowing possession" of the items found in the vehicle. Petitioner attaches hereto his affidavit supporting this claim. See Exhibit "A".

5

Cronic requires an attorney to provide "actual assistance for the accused's defense." My defense attorney was aware of the fact that I was charged with "knowingly" possessing the items found in the vehicle, and that I made incriminating statements admitting to having knowledge of, and owning these items. My defense counsel advised and assisted me into pleading guilty to "knowingly" committing this offense without conducting any investigation into whether I was, in fact, in "knowing possession" of these items. This Court's attention is referred to Petitioner's affidavit detailing the facts related to this claim. See Exhibit "A", Petitioner's affidavit. This Court must vacate the petitioner's sentence and guilty plea and allow the petitioner to plead anew or conduct an evidentiary hearing to resolve the factual disputes.

## CONCLUSION

WHEREFORE based on the above, Curtis Slade, the petitioner moves this Honorable Court to VACATE the sentence and judgement, and allow the petitioner to plead anew.

Respectfully submitted on this 6th day of November, 2022.

By: Curtis Slade

Case 0:22-cr-60123-RS   Document 33   Entered on FLSD Docket 11/29/2022   Page 7 of 7

